UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EMMET KENNY,

                Plaintiff,

v.                    10-CV-289-WMS-LGF

MERCANTILE ADJUSTMENT BUREAU, LLC,

                Defendant.

**10 CV 1010**



---

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, for their violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (hereinafter "TCPA"), and for Intentional Infliction of Emotional Distress under the common law of the State of New York.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court for Plaintiff's FDCPA claims arise under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. That the Plaintiff's causes of action under the TCPA are predicated upon the same facts and circumstances that give rise to their Federal cause of action. As such, this Court has supplemental jurisdiction over the Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Emmet Kenny is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C. §153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C. §153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

17. That Lloyd Richards, III, Plaintiff's brother in law incurred a medical bill. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff has no liability on the subject debt.

20. That upon information and belief Defendant was employed by the medical service provider to collect on the subject debt.

21. That in or about January of 2010, Defendant began calling Plaintiff's cellular telephone in an attempt to collect the subject debt.

22. That Plaintiff often called multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

23. That the first time Plaintiff spoke to the Defendant, and multiple times thereafter, Plaintiff informed the Defendant that Lloyd Richards, III did not live with him, and that they were calling the wrong telephone number.

24. Plaintiff often pleaded with the Defendant to stop calling him. The Defendant would reply that "We're going to keep calling you no matter what you do", and "We're going to keep calling you until the debt is paid."

25. The Plaintiff provided the Defendant with Lloyd Richard, III's cellular telephone number. However, the Defendant continued to call Plaintiff's cellular telephone for months thereafter.

26. That in September of 2010, Plaintiff was upset about the continuing calls to him, that he and Lloyd Richards, III went to the offices of the Defendant to personally request that they stop calling Plaintiff. An employee of the Defendant promised that the calls would stop. However, the calls to Plaintiff continued, including one call made to him either that evening or the next morning.

27. That Plaintiff almost came to blows with Lloyd Richards, III because he was upset about the calls.

28. That most if not all of the telephone calls made to Plaintiff's cellular telephone by Defendant were initiated or were attempted to be initiated by multiple telephone calls to Plaintiff's residential telephone line using an automated telephone dialing system.

29. That many of the telephone calls made by the Defendant to Plaintiff's cellular telephone delivered or attempted to deliver a message using an artificial or prerecorded voice.

30. That Plaintiff never consented to receive any telephone calls from the Defendant or the creditor for whom they were collecting.

31. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
### (FDCPA Claims)

32. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 above.

33. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692c(b) by continually contacting Plaintiff, by failing to state that they were calling to confirm or correct location information for Lloyd Richards, III, and by failing to limit the contents of their communications with Plaintiff to confirming or collecting location information for Lloyd Richards, III.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

34. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
### (TCPA Claims)

35. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

36. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to the Plaintiff's cellular telephone line using an automated telephone dialing system and/or by delivering or attempting to deliver messages using an artificial or prerecorded voice without having the consent of Plaintiff to leave such messages.

37. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint,

caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused the Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

40. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

41. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

42. The Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling the Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

43. The Defendant caused said telephone calls to be placed willfully and/or knowingly entitling the Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

## VI. COUNT THREE
(Intentional Infliction of Emotional Distress Claim)

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25 of this complaint.

45. Upon information and belief, Defendant acted with malice, insult, and reckless disregard for the rights of Plaintiff.

46. Upon information and belief, Defendant conduct as alleged in this complaint was intentionally and maliciously done with the intent of inflicting emotional distress on Plaintiff.

47. That as a result of the Defendant's conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to extreme emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Punitive damages;

(e) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(f) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: December 10, 2010

Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       sandrews@kennethhiller.com