UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMMET KENNY,

              Plaintiff,

                                      Case No.: 10-cv-1010

v.

MERCANTILE ADJUSTMENT BUREAU, LLC.,

              Defendant.

_____/

**MERCANTILE ADJUSTMENT BUREAU, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

NOW COMES the defendant, Mercantile Adjustment Bureau, LLC. ("MAB"), and hereby submits the following brief in opposition to plaintiff's Motion to Alter or Amend Judgment.  In support of the opposition, MAB states as follows.

## I.    INTRODUCTION

On May 1, 2013, this Court granted MAB's motion for summary judgment, dismissed plaintiff's claims brought pursuant to the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA), and declined to exercise supplemental jurisdiction over plaintiff's remaining state law claim for intentional infliction of emotional distress.  On May 30, 2013, plaintiff filed a motion to alter or amend the summary judgment order entered in favor of MAB.  That motion should be denied because plaintiff (1) does not offer any newly-discovered facts and merely attempts to re-argue the motion for summary judgment; (2) discusses inapposite case law; and (3) attempts to buttress the re-argument with an incorrect interpretation of a recent

ruling from the Federal Communications Commission (FCC).  In sum, plaintiff's motion is nothing more that an undisguised second bite of the apple.  This Court should reject plaintiff's invitation to reconsider the well-reasoned Decision and Order that granted MAB's summary judgment motion, and deny plaintiff's motion.

## II.    BACKGROUND AND PROCEDURAL HISTORY

On December 16, 2010, plaintiff filed his original complaint against MAB, asserting it violated both the TCPA and FDCPA. [Doc. 1].  On February 14, 2011, MAB filed its answer, denying liability [Doc. 5].  On May 31, 2012, an amended scheduling order set a deadline of July 10, 2012 to complete discovery, and required the parties to file dispositive motions no later than July 30, 2012. [Doc. 24].

On November 30, 2011 MAB filed a motion for summary judgment on all of plaintiff's claims.  (Dkt. 36)  On December 14, 2012 (per extension), plaintiff filed his opposition.  (Dkt. 37)  On December 21, 2012 MAB, filed its reply.  (Dkt. 38)  On May 1, 2013, the Court granted summary judgment in favor of the defendant.  (Dkt. 38)

On May 30, 2013 plaintiff filed a motion to amend or alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Dkt. 42)  Plaintiff asserts that there are 3 reasons for altering or amending the judgment entered against him: (1) an FCC ruling issued on November 29, 2012 that was not considered by either party or this Court (*Id*. at 2).; (2) the Court's decision that there was consent for making the calls under the TCPA is based upon facts not supported by the record (*Id*. at 7); and (3) this Court applied the incorrect standard when analyzing plaintiff's § 1692d claim under the FDCPA.  *Id*. at 9.

Plaintiff is wrong.   None of the offered reasons provide a compelling or meaningful reason to reconsider the Court's earlier Order.   The Court should deny the Rule 59(e) motion for 2 reasons.

First, plaintiff's new motion relies on an irrelevant ruling made by the FCC to auger an argument previously rejected by the Court that there was no consent for calling plaintiff's telephone.   The "new" law being brought to the Court's attention by plaintiff is neither new nor controlling.

Second, plaintiff alleges that the Court made errors of factual findings in the Order.   However, plaintiff's claimed errors are nothing more than a subjective spin being put onto objective facts found by the Court to further plaintiff's failed arguments.   Plaintiff has not, and cannot cite to any newly-discovered evidence in support of his motion.

## III.   <u>ARGUMENT</u>

Alteration of a Court's judgment pursuant to Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *USA Certified Merchants, LLC v. Koebel*, 273 F.Supp.2d 501, 503 (S.D.N.Y.2003) (citations omitted). "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Nnebe v. Daus*, No. 06 Civ. 4991 KMK, 2006 U.S. Dist. LEXIS 58611, at *3, 2006 WL 2309588 (S.D.N.Y. Aug.7, 2006) (internal quotation marks and citation omitted).

The standard for granting a Rule 59(e) motion is strict, and reconsideration is generally denied as Rule 59(e) "motions are not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple." *Celeste v. East Meadow Union Free Sch. Dist.*, 2008 U.S. Dist. LEXIS 61099, at *3 (E.D.N.Y. Aug. 5, 2008) (internal quotation marks and citation omitted); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617 n. 5, 171 L.Ed.2d 570 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (citation omitted)).

A decision to grant or deny a Rule 59(e) motion is within the sound discretion of the Court, and the motion should be granted only when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, would have changed its decision. *Atlantic Cas. Ins. Co. v. Joney Const. Corp*., 2008 U.S. Dist. LEXIS 54151, at *3–4 (E.D.N.Y. July 12, 2008) (citations omitted); *see also North River Ins. Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 165 (2nd Cir.1995), *cert. denied* 516 U.S. 1184, 116 S.Ct. 1289, 134 L.Ed.2d 233 (1996) ("A court should be 'loath' to revisit an earlier decision in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " (citations omitted)).

**A.    The "New Law" Relied On By Plaintiff Is Neither New Nor Applicable**

Plaintiff submits that there is new law that should have been considered by this Court, which would have resulted in a different result.  This argument fails.  The new law cited by plaintiff is merely one sentence taken out of context from a November 29, 2012 FCC Order.  That Order is insufficient to resurrect plaintiff's claims both procedurally and substantively.  Procedurally, plaintiff effort fails because the FCC Order was released more than 2 weeks prior to plaintiff filing a brief in opposition to MAB's summary judgment motion on December 14, 2012.

More importantly, plaintiff is substantively wrong on the law.  The FCC Order from November 29, 2012 does not state what plaintiff wants it to state.  Specifically, plaintiff incorrectly asserts the FCC Ruling concludes that consent under 47 U.S.C. §227(b)(1)(A) can be revoked. In addition, plaintiff asserts this FCC Ruling states the revocation may be done orally.  Plaintiff reaches this dubious conclusion by reliance on 1 sentence taken out of context from the order.

Although plaintiff argues that the FCC Ruling "goes to the heart of the issues that were before this Court", he is incorrect. As plaintiff correctly points out in his motion, the FCC Ruling posed the question of whether the sending of a one-time text message confirming a consumer's request to opt out of autodialed text messages to her cell phone would violate the TCPA, and does not address (1) whether consent can be revoked under the TCPA; or (2) the form that any revocation must take (oral or in writing).  In fact, the FCC highlights the limited scope of the Order in ¶ 15 of the Ruling:

> **We emphasize that our ruling herein is limited to those situation in which a consumer has previously provided such prior express consent to be sent text messages from the sender and later receives a text**

**confirming a request to opt-out of future messages that has the above characteristics.**

The express language of the FCC's Order makes clear that the Order is not applicable to this Court's decision regarding the application of the consent defense under the TCPA for the calls placed to plaintiff's telephone. The Court's Decision and Order correctly concluded that MAB had consent to call that telephone number, and that plaintiff failed to properly revoke the consent. Nothing in the FCC's November 29, 2012 changes that result. Plaintiff's motion to amend or alter judgment should be denied.

### B.    The Court's Conclusion That MAB Had Consent For Calling Plaintiff's Number Is Supported By The Record Evidence

In a futile attempt to save his TCPA claim, plaintiff incorrectly asserts this Court's decision was not supported by the record. Specifically, plaintiff contends that he did not allow Lloyd Richards to use his cell phone, while, contradictorily, also arguing that he gave limiting instructions regarding the scope of the permission. However, the record is clear. Plaintiff admitted he allowed his brother-in-law, Lloyd Richards, to use the telephone number as a contact number during the intake process at the Kenmore Hospital.[1]  Plaintiff's argument is the same basis he sued to oppose summary judgment, and which has already rejected by this Court. [2]

Despite the record, and the Court's conclusions, plaintiff continues to incorrectly argue that his unsupported testimony that MAB's calls were placed to his cellular number without consent remains completely uncontroverted by any evidence in the record. As the

---

[1] *Id.* at p. 35-36, lns. 13-6. (However, Plaintiff states he stated, "Do not call me unless he's dying or dead.")
[2] *Dkt. 42, p. 7..*

Court has already found, this is not true.  MAB provided plaintiff with all of the information obtained during the admission process at Kenmore Mercy Hospital.  These records show plaintiff's number was provided as a contact number without any limiting instructions.  Plaintiff cannot now attempt to avoid this fact with self-serving testimony that is contradicted by the documentary evidence.  The record is clear that plaintiff gave permission to Lloyd Richards to provide his number as a contact number.  This number was provided to Kenmore Mercy Hospital without any limiting instructions by Lloyd Richards.  Lloyd Richards, with the authorization of plaintiff, therefore consented to be called on plaintiff's cellular number.

### C.      The Court Applied The Correct Standard When Analyzing Plaintiff's § 1692d claim

Plaintiff's attempt to create a different standard for review for his claim under § 1692d of the FDCPA is misplaced.  Plaintiff offers 2 cases not applicable to the current case to support this erroneous argument.  Those cases specifically dealt with standing issues in the context of a motion to dismiss.  Further, both cases involved messages in which the defendant failed to disclose the identity of the caller.  *See Bank v. Pentagroup Financial, LLC*, 2009 WL 1606420 (E.D.N.Y. 20090); and *Doyle v. Midland Credit Management, Inc.*, 2012 WL 1666397 (E.D.N.Y. 20120).

The issue here is whether MAB harassed plaintiff by placing telephone calls to his telephone number attempting to reach a third party.  This issue has been resolved in *Stirling v. Genpact Services, LLC*, No. 2:11–CV–06369, 2012 WL 952310 at *3

(C.D.Cal. Mar.19, 2012) (a case cited by plaintiff in his Motion on page 14).  The *Stirling*

Court stated:

> Section 1692d expressly prohibits a host of harassing, deceptive, and unfair debt collection practices. These include: threats of violence; obscene language; the publishing of 'shame lists;' harassing or anonymous telephone calls; impersonating a government official or attorney; misrepresenting the consumer's legal rights; simulating court process; obtaining information under false pretenses; collecting more than is legally owing; and misusing postdated checks. In addition to these specific prohibitions, this bill prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.  *Penny v. Williams & Fudge, Inc.,* 2012 U.S. Dist. LEXIS 4571, *15–16,2012 WL 43628 (M.D.Fla. Jan. 5, 2012) (quoting S.Rep. No. 95–832, 95th Cong., 1st Sess., reprinted in 1977 U.S.Code Cong. & Ad. News 1695, 1698.
>
> In this case, Plaintiff's set of facts fit squarely within the prohibition of the more narrow provision of § 1692d(5), which requires an "intent to annoy, abuse, or harass."  In fact, Plaintiff's Complaint states, "Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass. *Dkt. 1 at ¶ 33.* "It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word.... A statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." Mkt. Co. v. Hoffman, 101 U.S. 112, 115–116, 25 L.Ed. 782 (1879) (internal quotation marks omitted.)
>
> Here, allowing Plaintiff to concurrently pursue a § 1692d claim based on exactly the same set of facts—without more—would not only effectively eviscerate the requisite intent contemplated in situations governed by § 1692d(5), but would also render that entire subsection superfluous.  "Every part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each. *Id.* at 116.   Plaintiff cannot obviate § 1692d(5)'s intent requirement by electing to pursue a § 1692d claim, where the only conduct relied on fits squarely within §

1962d(5). Therefore, the more specific FDCPA provision, §
1692d(5) must govern.

*See also Neu v. Genpact Services*, LLC  2013 WL 1773822, 3 (S.D.Cal. 2013):
see also *Hendricks v. CBE Grp., Inc.,* 891 F.Supp.2d 892, 896 n. 2 (N.D.Ill.2012)
(refusing to analyze claim under both § 1692d and § 1692d(5) when alleged misconduct
consisted solely of telephone calls).

If plaintiff could pursue both a §1692d and §1692d(5) claim on the same facts, as
he tried to do, the result would "**effectively eviscerate the requisite intent
contemplated in situations governed by §1692d(5) …[and] would also render that
entire subsection superfluous.**" *Stirling*, 2012 WL 952310 at *3 (emphasis added).  This
Court has already rejected plaintiff's arguments, and should do so again.

## IV.   <u>CONCLUSION</u>

The Court's entry of summary judgment in favor of MAB was correct and proper.
Plaintiff's motion to amend or alter judgment should be denied.  Plaintiff has asserted
insufficient factual and legal grounds to support his motion.  Plaintiff did not offer any
newly-discovered evidence or assert any manifest errors of law or fact.  Plaintiff has
merely attempted to re-argue the motion for summary judgment.

WHEREFORE, defendant, Mercantile Adjustment Bureau, LLC., respectfully
requests the Court deny the Motion to Alter or Amend Judgment filed by plaintiff, and
for such other relief as this Court deems proper.

Dated: June 26, 2013

Respectfully Submitted,                */s Michael Del Valle* _____

Michael Del Valle, Esq.
New York Bar No.: 2753507
SESSIONS, FISHMAN, NATHAN & ISRAEL OF
NEW YORK, LLC
130 John Muir Drive, Suite 106
Amherst, NY 14228
Telephone: (716) 625-7492
Facsimile: (716) 625-7497
E-Mail: mdelvalle@sessions-law.biz

David Israel, Esq,
Louisiana Bar No.: 7174
Sessions, Fishman, Nathan & Israel, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone No.: (504) 828-3700
disrael@sessions-law.biz

James K. Schultz, Esq,
Sessions, Fishman, Nathan & Israel,
L.L.C.
55 West Monroe Street, Suite 1120
Chicago, IL 60603
Telephone No.: (312) 578-0990
jschultz@sessions-law.biz
Attorneys for Mercantile Adjustment
Bureau, LLC

## CERTIFICATE OF SERVICE

I certify that on this 26th day of June, 2013, a copy of the foregoing filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

> Kenneth R. Hiller, Esq.
> Seth Andrews, Esq.
> The Law Office of Kenneth Hiller
> 6000 North Bailey Avenue, Suite 1A
> Amherst, NY  14226

By:    /s/Michael Del Valle
Michael Del Valle, Esq.
Attorney for Defendant
Mercantile Adjustment Bureau, LLC